IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| ROBERT HEARD, | : | |
| Plaintiff | : | |
| VS. | : | NO.  5:11-CV-303 (CAR) |
| CATHY TANNER, *et al.*, | : | |
| Defendants | : | **ORDER** |

Plaintiff **ROBERT HEARD**, presently incarcerated at Johnson State Prison in Wrightsville, Georgia, has filed a "Motion to Correct the Court's Error in Transferring the Above Case."  The Court has docketed this as a motion for reconsideration.

On August 15, 2011, the Court transferred this action to the United States District Court for the Southern District of Georgia.  (ECF No. 5).  The Eleventh Circuit has explained that "[w]hen the files in a case are physically transferred to the transferee district, the transferor court loses all jurisdiction in the case." *Roofing & Sheet Metal Services, Inc. v. LA Quinta Motor Inns, Inc.*, 689 F.2d 982, 988 n.10 (11th Cir. 1982). Therefore, it would appear that this Court no longer has jurisdiction over the action.

However, "[t]he date the papers in the transferred case are docketed in the

1

transferee court, not the date of the transfer order, determines the effective date that jurisdiction in the transferor court is terminated. *McNair v. Monsanto Co.*, 1:02-CV-50-2 (WLS), 2003 U.S. Dist. LEXIS 20178 at *6 (M. D. Ga. Sept. 8, 2003) (citing *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1517 (10th Cir. 1991). A search of the Public Access to Court Electronic Records ("PACER") for the United States District Court for the Southern District of Georgia indicates that Plaintiff's case has not been docketed in that court. Therefore, to any extent that this Court retains jurisdiction over the action, the Court has reviewed Plaintiff's motion for reconsideration on the merits and, for reasons discussed below, denies the motion.

As the Court explained in its August 15, 2011 Order of Transfer, Plaintiff has a prolific filing history and has accrued more than three strikes under 28 U.S.C. § 1915(g). In his original complaint, he alleged that he qualifies for the "imminent danger of serious physical injury" exception of § 1915(g) because he has hepatitis C and is being denied treatment for this disease. Plaintiff showed on his complaint that he is currently incarcerated at Johnson State Prison and that he has been at this prison since June 2010.

Plaintiff named six Defendants and stated that they worked at either Johnson State Prison, located in Wrightsville, Georgia, or at the Georgia Department of Corrections. Based on this information, the Court found that the Defendants reside in either the Southern or Northern Districts of Georgia, not the Middle District. Moreover,

the Court found that the events giving rise to Plaintiff's complaint occurred at Johnson State Prison, which is located in the Southern District.   Therefore, the Court transferred the action to the United States District Court for the Southern District of Georgia.

In his "Motion to Correct the Court's Error in Transferring the Above Case," Plaintiff alleges, without support, that three Defendants—Fields, Lewis, and Calhoun—reside in "Forsyth, Georgia, Monroe County," which is in the Middle District of Georgia.   Moreover, he claims that "the events are wide ranging and did not originate in or at Johnson [State Prison] but continue at Johnson."

Plaintiff is a "'serial filer' . . . [who] has filed at least seventeen cases in the Southern District since 1990, none of which were meritorious . . . [and] at least twenty-six cases in the Northern District during that same time frame."   *Heard v. Donald*, No. 06-12229, (11th Cir. February 6, 2009).   Plaintiff cannot proceed *in forma pauperis* in this action unless he qualifies for the "imminent danger of serious physical injury" exception of § 1915(g).   He claims that he meets this exception because he is being denied treatment for hepatitis C.   Any denial of treatment is occurring at Johnson State Prison, where Plaintiff has been incarcerated for more than one year.   Any determination of whether he qualifies for this exception is best made in the United States District Court for the Southern District of Georgia.

Moreover, Plaintiff's "broad and wide ranging" (ECF No. 7) claims of problems

3

with the grievance system, retaliation, threats, and intimidation dating back to 2001 are completely irrelevant to the inquiry of whether Plaintiff may proceed *in forma pauperis* in this action. In fact, even if Plaintiff does face imminent danger because he is not receiving treatment for hepatitis C, a determination this Court does not make, he would not be allowed to proceed *in forma pauperis* to pursue these completely unrelated claims.

Plaintiff probably seeks to file this action in this Court because the United States District Court for the Southern District of Georgia has entered an injunction against Plaintiff that provides as follows:

> [I]f Heard files another civil case, he should either pay the Court's $350 filing fee or make some *believable* showing that the constitutional violation alleged has, at the time he files his complaint, placed him in imminent danger of *physical* harm. Otherwise, he would be subject to contempt for violating this Court's injunction, prohibiting him from filing IFP petitions in any federal civil case that does not rest on true, objectively verifiable, § 1915(g) "imminent harm" allegations.

*Heard v. Edenfield*, No. CV410-207 (S. D. Ga. Nov. 16, 2010)(emphasis in original).

Plaintiff cannot avoid this injunction by filing in the Middle District of Georgia when he is incarcerated at Johnson State Prison and is alleging that he is in imminent danger because of a purported denial of medical care arising from treatment (or lack thereof) at that prison.

4

For these reasons, Plaintiff's "Motion to Correct the Court's Error in Transferring the Above Case" is **DENIED**.

**SO ORDERED**, this 14th day of September, 2011.

S/   C. Ashley Royal
C. ASHLEY ROYAL, JUDGE
UNITED STATES DISTRICT COURT
